John H. BRADBURY, Plaintiff—
Appellant,

v.

Daniel T. EISMANN, Chief Justice;
Roger S. Burdick, Justice; Jim Jones,
Justice; Warren E. Jones, Justice;
Wayne L. Kidwell, Defendants—Ap-
pellees.

No. 09–36028.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 2, 2010.

Filed Sept. 10, 2010.

John L. Runft, Jon M. Steele, Runft &
Steele Law Offices, PLLC, Boise, ID, for
Plaintiff–Appellant.

Michael Stephen Gilmore, Brian Clayton
Wonderlich, AGID–Office of the Idaho At-
torney General, Boise, ID, for Defendants–
Appellees.

Before: HAWKINS, McKEOWN and
BEA, Circuit Judges.

MEMORANDUM *

Idaho state court judge John Bradbury
appeals the dismissal by the district court
of his 42 U.S.C. § 1983 complaint on *Youn-
ger v. Harris* abstention grounds. *See* 401
U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669
(1971). We review de novo whether ab-
stention was required under the *Younger*
doctrine. *Green v. City of Tucson,* 255
F.3d 1086, 1093 (9th Cir.2001) (en banc),
*overruled in part on other grounds by
Gilbertson v. Albright,* 381 F.3d 965, 976–
78 (9th Cir.2004). We affirm. As the
parties are familiar with the facts, we will
not repeat them here.

Bradbury does not contest that his cir-
cumstances meet three of the four criteria
we recognize as requiring abstention under
the *Younger* doctrine. *See San Jose Sil-
icon Valley Chamber of Commerce Politi-*

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

*cal Action Comm. v. City of San Jose,* 546 F.3d 1087, 1092 (9th Cir.2008), citing *Gilbertson,* 381 F.3d at 978. He agrees that there was an ongoing Idaho state court proceeding at the time he filed his § 1983 suit and that the proceeding implicated important Idaho state interests. *See id.* To the extent Bradbury contends that whether a state proceeding is ongoing should be based on a date other than the date the federal action was filed, his argument is without support. See *Gilbertson,* 381 F.3d at 969 n. 4; *see also Kitchens v. Bowen,* 825 F.2d 1337, 1341 (9th Cir.1987). Bradbury does not dispute that his § 1983 action would enjoin the Idaho state court proceeding or interfere with it in a way that is disapproved under the *Younger* doctrine. *See id.*

Bradbury summarily asserts that the *Younger* doctrine does not apply because the final *Younger* criterion is not satisfied. This prong of the test, however, requires only that "the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding." *Id.*; *see also Canatella v. California,* 404 F.3d 1106, 1111 (9th Cir.2005). Indeed, his counsel acknowledged this point during oral argument. Bradbury has not identified a bar in Idaho state law to litigating federal constitutional issues in Idaho state court; the record shows that he presented fully-developed constitutional claims to the Idaho Supreme Court, which considered and decided their merits.

Bradbury also claims that "extraordinary circumstances" exist that create an exception to the *Younger* abstention requirement. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 435, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). He has articulated no such circumstances here. Nothing about his claims rises to this level.

As we affirm dismissal on the same basis relied on by the district court, we do not reach the alternate grounds raised by the Idaho Justices of mootness or preclusion.

AFFIRMED.